**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SHANIKA DAY, individually, and as ) <br> Administrator for the Estate of TERRELL, ) <br> DAY, and HARVEY MORGAN, Individually, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE CITY OF INDIANAPOLIS and THE TOWN ) <br> OF CUMBERLAND, ) <br> ) <br> Defendants. ) | Case No. 1:17-cv-4612 |

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE that Defendant, Town of Cumberland, by counsel and pursuant to 28 U.S.C. §§1441(a) and 1446, hereby removes to this Court the state court action described herein. The grounds for removal are as follows:

1.      On September 22, 2017 Plaintiff's filed a Complaint for Damages in Marion County Superior Court, Civil Division 6, under Cause Number 49D10-1709-CT-036087.   A copy of the Complaint for Damage is attached hereto as Exhibit A.

2.      On November 7, 2017, Plaintiff's filed a Motion for Leave to File an Amended Complaint.  A copy of the Amended Complaint for Damages is attached hereto as Exhibit B.

3.      On November 29, 2017 Judge David J Dreyer, Marion Superior Court 10, granted Plaintiffs leave to file an Amended Complaint for Damages, Cause Number 49D10-1709-CT-036087.  A copy of Judge Dreyer's Order is attached as Exhibit C.

4.      In the Amended Complaint for Damages, the Plaintiff alleges rights violations by Defendants which can be interpreted to be violations under the Fourth and Fourteenth

Amendments to the United States Constitution and it can be further interpreted that Plaintiff is pursuing this claim under 42 U.S.C. §1983.

     5.     This Notice of Removal has been timely filed pursuant to 28 U.S.C. §1446(b), and a copy of all process and pleadings served upon Defendants in the state court action are attached hereto.

     6.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants under 28 U.S.C. §1441.

     WHEREFORE, Defendants hereby request this action removed to the United States District Court for the Southern District of Indiana.

Respectfully submitted,

*/s/ David A. Izzo*
David A. Izzo (28196-49)
Selective Staff Counsel of Indiana
11711 N. Meridian Street, Suite 755
Carmel, Indiana 46032
Office:  (317) 815-4774
Direct:  (317) 815-4773
Fax:     (855) 515-8240
Email: david.izzo@selective.com

CERTIFICATE OF SERVICE

I hereby certify the foregoing NOTICE OF REMOVAL was electronically filed on this 14th day of December, 2017 through the Court's CM/ECF system, and the following parties were served via CM/ECF system and/or e-mail on the same date:

Nathaniel Lee, Esq.
Jennifer Lee, Esq.
nlee@nleelaw.com
Jlee@nleelaw.com

Adam S. Willfond, Esq.
Adam.willfond@indy.gov

/s/ David A. Izzo
David A. Izzo
Selective Staff Counsel of Indiana

Selective Staff Counsel of Indiana
11711 N. Meridian Street, Suite 755
Carmel, Indiana 46032
Office:  (317) 815-4774
Direct:  (317) 815-4773
Fax:      (855) 515-8240
david.izzo@selective.com

**49D06-1709-CT-036087**

Marion Superior Court, Civil Division 6

Filed: 9/22/2017 12:15 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | |

| | |
|---|---|
| SHANIKA DAY, Individually, and as Administrator | ) |
| for the Estate of TERRELL DAY, and | ) |
| HARVEY MORGAN, Individually | ) |
| | ) |
|       Plaintiffs, | ) CAUSE NO.: |
| | ) |
|    vs. | ) |
| | ) |
| THE CITY OF INDIANAPOLIS, | ) |
| SERGEANT FRANKLIN WOOTEN, Individually, | ) |
| and as an IMPD OFFICER; OFFICER RANDALL | ) |
| DENNY, Individually, and as an IMPD OFFICER; | ) |
| THE TOWN OF CUMBERLAND; | ) |
| LIEUTENANT ROGER WAGGONER, Individually, | ) |
| And as a CUMBERLAND OFFICER; and OFFICER | ) |
| JOHN COVINGTON, Individually and as a | ) |
| CUMBERLAND OFFICER | ) |
| | ) |
|       Defendant(s) | ) |

## COMPLAINT FOR DAMAGES:

Come now the Plaintiffs, Shanika Day, individually, and as Administrator for the Estate of Terrell Day, and Harvey Morgan, Individually, by Counsel, and for a cause of action against the Defendants, THE CITY OF INDIANAPOLIS ("CITY") SERGEANT FRANKLIN WOOTEN ("WOOTEN'), OFFICER RANDALL DENNY ("DENNY"), THE TOWN OF CUMBERLAND ("CUMBERLAND"), LIEUTENANT ROGER WAGGONER ("WAGGONER), OFFICER JOHN COVINGTON ("COVINGTON"), and alleges and states:

1. That SHANIKA DAY is the biological mother of Deceased Terrell Day, and is appointed to represent the estate and pursue any and all civil actions against the Defendants for the wrongful death of Terrell Day ("Decedent"). Said estate is filed in Marion County, Indiana, under Cause Number 49D08-1509-ES-032278.

EXHIBIT A

2. That HARVEY MORGAN is the biological father of Deceased Terrell Day, and at all times material and relevant herein has resided in the City of Indianapolis, County of Marion, State of Indiana.

3. That at all times relevant and material to this cause of action, Defendant, the CITY was a municipal corporation in the State of Indiana and employer of OFFICER RANDALL DENNY and SERGEANT FRANKLIN WOOTEN

4. That at all times relevant and material to this cause of action OFFICER RANDALL DENNY and SERGEANT FRANKLIN WOOTEN were employees and/or agents of the CITY and acting under color of the law through their duties as Police Officers.

5. That at all times relevant and material to this cause of action, Defendant, TOWN OF CUMBERLAND was a municipal town corporation in the Counties of Marion and Hancock, Town of Cumberland, State of Indiana, and employer of LIEUTENANT ROGER WAGGONER and OFFICER JOHN COVINGTON.

6. WAGGONER and COVINGTON were employees of, and acting under the color of the law through certain statutes, customs, ordinances, and official policies of the TOWN OF CUMBERLAND POLICE DEPARTMENT.

7. On September 26, 2015, Terrell Day visited the Burlington Coat Factory located on East Washington Street, in Marion County, City of Indianapolis, State of Indiana.

8. On the same date and time, Terrell Day was chased from the Burlington Coat Factory by a CUMBERLAND POLICE OFFICER, OFFICER J. COVINGTON, due to suspicion of pointing a gun at someone, and shop-lifting.

9. On the same date and time, OFFICER J. COVINGTON chased Terrell Day approximately 450 meters; that the decedent had stopped, apparently fatigued and is

believed to have experienced difficulty breathing, near the rear of a gas station located at 10th and Mitthoeffer Street.

10. That Terrell Day surrendered and did not resist arrest, or pose as a threat in any way to OFFICERS WOOTEN, COVINGTON, WAGGONER, and DENNY or the public at large after his arrest.

11. That either WOOTEN, COVINGTON, WAGGONER, or DENNY handcuffed Terrell Day placing his hands behind his back. That the Officers knew or should have known that the handcuff was tightly fitted and Terrell Day was winded and was having trouble breathing.

12. That after his arrest, Terrell Day was placed on the ground, on his back, on top of the handcuffs. That the placement by the Officers resulted in the inability to oxygenate from his winded condition.

13. Terrell Day was required to remain in a position that restricted his ability to breath for an extended period of time under the circumstances.

14. Terrell Day was already out-of-breath due to the physical activity of running, and lying in this position on the ground with his hands behind his back caused Terrell Day to lose oxygen at a greater rate of speed and unable to properly breath.

15. That it is believed that the Officers, at least one or more of them, recognized that Terrell Day was experiencing a medical emergency because emergency medical personnel was summoned to the scene to render medical assistance to Terrell Day. That Terrell Day was unable to properly stand after medical personnel arrived.

16. That medical personnel arrived to render assistance to Terrell Day. That Terrell Day was still suffering from a medical emergency, however, SERGEANT FRANKLIN

WOOTEN forged Terrell Day's signature waiving his right to medical care and treatment, despite Terrell Day's obvious medical emergency of being unable to breath.

17. Due to the failure to administer medical care, Terrell Day expired shortly after the ambulance exited the scene.

### COUNT I: UNLAWFUL/UNNECESSARY PUNISHMENT

Plaintiff incorporates by reference rhetorical paragraphs one (1) through eighteen (18) above as if fully set forth herein and makes further allegations and statements as follows:

18. On September 26, 2015, WOOTEN, COVINGTON, WAGGONER, and DENNY committed one or more of the following malicious and reckless acts and/or omissions:

    a. WOOTEN, COVINGTON, WAGGONER, or DENNY, during the course of the arrest, wrongfully used excessive force in handcuffing and forcing Terrell Day to lie on his back with his hands handcuffed behind him for an extended period of time even though he was not resisting arrest or posing a threat.

    b. WOOTEN, COVINTON, WAGGONER, and DENNY did not properly assist, aide, or seek prompt medical attention for Terrell Day despite knowledge that Terrell Day was unable to breath.

    c. SERGEANT FRANKLIN WOOTEN intentionally and recklessly forged the signature of Terrell Day waiving all medical treatment despite knowledge that he was unable to breath.

19. That such acts and omission of WOOTEN, COVINGTON, WAGGONER, and DENNY constitute an unlawful, unnecessary punishment all in violation of Terrell Day's rights under the Indiana Constitution.

## COUNT II – NEGLIGENCE/WRONGFUL DEATH

Plaintiff incorporates by reference rhetorical paragraphs one (1) through twenty (20) above as if fully set forth herein and makes further allegations and statements as follows:

20. On September 26, 2015, either WOOTEN, COVINGTON, WAGGONER, or DENNY while acting under the color of state law wrongfully positioned Terrell Day on the ground while handcuffed causing him to be unable to breath, and then denied Terrell Day medical treatment while in custody, despite knowledge that Terrell Day was unable to breath.

21. WOOTEN, COVINGTON, WAGGONER, and DENNY negligently and/or intentionally deprived Terrell Day of sufficient oxygen which resulted in cardiac failure.

22. That SERGEANT FRANKLIN WOOTEN intentionally forged Terrell Day's signature waiving all right to medical treatment despite his inability to breathe or stand at the time.

23. The actions of WOOTEN, COVINGTON, WAGGONER, and DENNY in failing to provide adequate medical treatment and care for Terrell Day while in custody were reckless and negligent, and beyond all bounds of reasonable care.

24. WOOTEN, COVINGTON, WAGGONER, and DENNY failed to exercise the utmost reasonable due care and safety for Terrell Day after he was in police custody as required by Indiana law.

25. That due to the action of the Defendants Terrell Day died an untimely death.

26. That said negligence deprived the Terrell Day of his rights secured by the laws of Indiana.

5

## **COUNT III – INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE**

Plaintiff incorporates by reference rhetorical paragraphs one (1) through twenty-seven (27) above as if fully set forth herein and makes further allegations and statements as follows:

27. The CITY and THE TOWN OF CUMBERLAND are responsible for establishing the policies, procedures, customs, and usages complained about herein.

28. The CITY and the TOWN OF CUMBERLAND had an obligation and duty to Terrell Day, to properly train, supervise, and discipline the police officers of Indianapolis, and the TOWN OF CUMBERLAND including WOOTEN, COVINGTION, WAGGONER, and DENNY named herein on the use of force when conducting investigations and effecting arrests, as well as procedures in seeking immediate medical attention for persons in custody.

29. That the resulting wrongful death of Terrell Day was reasonably foreseeable as the natural consequences of the failure of the CITY and THE TOWN OF CUMBERLAND, to adequately train, investigate, and discipline its police officers.

30. That such failure to train, investigate, and discipline its police officers demonstrates a deliberate and conscious choice by the CITY and THE TOWN OF CUMBERLAND to disregard the protected rights of its citizens of Marion County, City of Indianapolis, State of Indiana, including Terrell Day.

31. That such acts and omissions by the CITY and TOWN OF CUMBERLAND deprived Terrell Day of his rights secured by the laws of Indiana.

## **COUNT IV – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff incorporates by reference rhetorical paragraphs one (1) through thirty-two (32) above as if fully set forth herein and makes further allegations and statements as follows:

32. Plaintiffs SHANIKA DAY and HARVEY MORGAN are the natural biological parents of Terrell Day, deceased.

33. Plaintiffs SHANIKA DAY and HARVEY MORGAN, each individually and respectfully, had a warm and loving relationship with Terrell Day, deceased, up to the time of his untimely death.

34. Plaintiffs SHANIKA DAY and HARVEY MORGAN had a protected liberty interest in the continued warm and loving relationship with Terrell Day, deceased.

35. That the reckless actions of WOOTEN, COVINGTON, WAGGONER and DENNY in failing to seek medical attention for Terrell Day, forging Terrell Day's name waiving medical treatment, and forcing him to remain on his back while handcuffed ultimately resulted in the death of Terrell Day, deprived Plaintiffs of their protected liberty interest causing severe emotional distress.

36. That WOOTEN, COVINGTON, WAGGONER, and DENNY knew or should of known that their actions would result in the death of Terrell Day, but failed to act.

37. That as a result of the deprivation of their protected rights, the Plaintiffs, have been severely damaged.

## COUNT V - LOSS OF CHILD'S SERVICES

Plaintiff incorporates by reference rhetorical paragraphs one (1) through thirty-eight (38) above as if fully set forth herein and makes further allegations and statements as follows:

38.     Plaintiffs SHANIKA DAY and HARVEY MORGAN are the natural biological parents of Terrell Day, deceased.

39. Plaintiffs SHANIKA DAY and HARVEY MORGAN each separately, and respectfully, had a warm and loving relationship with their son, Terrell Day prior to his untimely death.

40. That due to the death of their son, Terrell Day, Plaintiffs SHANIKA DAY and HARVEY MORGAN have been deprived of Terrell Day's love, companionship kindness.

41. Likewise, Plaintiffs suffer from the loss of Terrell Day's services and other monetary contributions.

42. That due to the actions of the WOOTEN, COVINGTON, WAGGONER, and DENNY, Plaintiffs have been severely damaged.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a jury trial in this matter for all issues triable by jury.

WHEREFORE, Plaintiff, by Counsel, respectfully requests that this Honorable Court assume jurisdiction over this cause; declare the aforementioned conduct unlawful; award actual damages to Plaintiff to compensate her for her injuries; award punitive damages to deter Defendants, and all other similarly situated, from like conduct in the future; grant Plaintiff the costs of this action and reasonable attorney fees; trial by jury; award pre-judgment and statutory interest; and for all other relief just and proper within the premises.

Respectfully Submitted,

*Nathaniel Lee*

_____

Nathaniel Lee, #10159-49
Jennifer Lee, #34475-49

LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, Indiana 46204
(317) 631-5151 Telephone / (317) 624-4561 Facsimile

STATE OF INDIANA              )      IN THE MARION SUPERIOR COURT
                             ) SS:  CIVIL DIVISION, ROOM NO:10
COUNTY OF MARION          )

SHANIKA DAY, Individually, and as Administrator    )
for the Estate of TERRELL DAY, and    )
HARVEY MORGAN, Individually    )
                           )
        Plaintiffs,            ) NO. 49D10-1709-CT-036087

                           )
                           )
        vs.                )
THE CITY OF INDIANAPOLIS and,    )
THE TOWN OF CUMBERLAND    )
                           )
                           )
                           )
                           )
        Defendant(s)        )

## AMENDED COMPLAINT FOR DAMAGES:

Come now the Plaintiffs, Shanika Day, individually, and as Administrator for the Estate of Terrell Day, and Harvey Morgan, Individually, by Counsel, and for a cause of action against the Defendants, THE CITY OF INDIANAPOLIS ("CITY") and THE TOWN OF CUMBERLAND ("CUMBERLAND"), and alleges and states:

1. That SHANIKA DAY is the biological mother of Deceased Terrell Day, and is appointed to represent the estate and pursue any and all civil actions against the Defendants for the wrongful death of Terrell Day ("Decedent"). Said estate is filed in Marion County, Indiana, under Cause Number 49D08-1509-ES-032278.

2. That HARVEY MORGAN is the biological father of Deceased Terrell Day, and at all times material and relevant herein has resided in the City of Indianapolis, County of Marion, State of Indiana.

EXHIBIT B

3.  That at all times relevant and material to this cause of action, Defendant, the CITY was a municipal corporation in the State of Indiana and employer of OFFICER RANDALL DENNY and SERGEANT FRANKLIN WOOTEN.

4.  That at all times relevant and material to this cause of action OFFICER RANDALL DENNY and SERGEANT FRANKLIN WOOTEN were employees and/or agents of the CITY and acting under color of the law through their duties as Police Officers.

5.  That at all times relevant and material to this cause of action, Defendant, TOWN OF CUMBERLAND was a municipal town corporation in Marion County, State of Indiana, and employer of LIEUTENANT ROGER WAGGONER and OFFICER JOHN COVINGTON.

6.  WAGGONER and COVINGTON were employees of, and acting under the color of the law through certain statutes, customs, ordinances, and official policies of the TOWN OF CUMBERLAND POLICE DEPARTMENT.

7.  On September 26, 2015, Terrell Day visited the Burlington Coat Factory located on East Washington Street, in Marion County, City of Indianapolis, State of Indiana.

8.  That to the best of Plaintiffs knowledge and belief, on the same date and time, Terrell Day was chased from the Burlington Coat Factory by a CUMBERLAND POLICE OFFICER, OFFICER J. COVINGTON, due to suspicion of theft.

9.  That to the best of Plaintiffs knowledge and belief, OFFICER J. COVINGTON chased Terrell Day approximately 450 meters; that the decedent had stopped, apparently fatigued and is believed to have experienced difficulty breathing, near the rear of a gas station located at 10th and Mitthoeffer Street.

10. That Terrell Day surrendered and did not pose a threat to OFFICERS WOOTEN, COVINGTON, WAGGONER, and DENNY or the public at large after his arrest.

11. That either WOOTEN, COVINGTON, WAGGONER, or DENNY handcuffed Terrell Day placing his hands behind his back in a tightened manner. That the Officers knew or should have known that the handcuff was tightly fitted and Terrell Day was winded and was having trouble breathing.

12. That after his arrest, Terrell Day was placed on the ground, on his back, on top of the handcuffs. That the placement by the Officers resulted in the inability to oxygenate from his winded condition.

13. Terrell Day was required to remain in a position that restricted his ability to breath for an extended period of time under the circumstances.

14. Meanwhile, Terrell Day was winded due to the physical activity of running, and lying in this position on the ground with his hands behind his back caused Terrell Day to lose oxygen at a greater rate of speed and unable to properly breath.

15. That it is believed that the Officers, at least one or more of them, recognized or should have notice that Terrell Day was experiencing a medical emergency because medical personnel were summoned to the scene to render assistance to Terrell Day. That Terrell Day was unable to properly stand after medical personnel arrived.

16. That medical personnel arrived at the scene in response to the request to provide assistance to Terrell Day. That Terrell Day was still suffering from a medical emergency, however, SERGEANT FRANKLIN WOOTEN prevented transfer of the patient to the hospital by the waiver of rights and forgery of Terrell Day's signature.

That at the time of signing/forging Terrell Day's signature, medical personnel exited the scene and did not transport the patient to obtain medical care and treatments.

17. Due to the failure to administer medical care, Terrell Day experienced a worsening of his condition and expired after the initial ambulance exited the scene.

## COUNT I: INTENTIONAL ACT OF EXCESSIVE FORCE BY CITY OF INDIANAPOLIS AND TOWN OF CUMBERLAND

Plaintiff incorporates by reference rhetorical paragraphs one (1) through seventeen (17) above as if fully set forth herein and makes further allegations and statements as follows:

18. On September 26, 2015, Defendants City of Indianapolis and Town of Cumberland, through its employees/officers WOOTEN, COVINGTON, WAGGONER, and DENNY committed one or more of the following malicious and reckless acts and/or omissions:

    a. WOOTEN, COVINGTON, WAGGONER, or DENNY, during the course of the arrest, wrongfully used excessive force in handcuffing and forcing Terrell Day to lie on his back with his hands handcuffed behind him for an extended period of time even though he was not resisting arrest or posing a threat.

    b. WOOTEN, COVINTON, WAGGONER, and DENNY did not properly assist, aide, or seek prompt medical attention for Terrell Day despite knowledge that Terrell Day was unable to breath.

    c. SERGEANT FRANKLIN WOOTEN intentionally and recklessly forged the signature of Terrell Day waiving all medical treatment despite knowledge that he was unable to breath.

d.  That one of more of the Officers denied the decedent medical care, which resulted in his demise.

19. That such acts and omission of WOOTEN, COVINGTON, WAGGONER, and DENNY constitute an unlawful, unnecessary punishment of Terrell day due to the officer's intentional acts of excessive force. That all actions were committed during the course of their employment with the City of Indianapolis and Town of Cumberland.

### COUNT II – NEGLIGENCE/WRONGFUL DEATH

Plaintiff incorporates by reference rhetorical paragraphs one (1) through nineteen (19) above as if fully set forth herein and makes further allegations and statements as follows:

20.  On September 26, 2015, either WOOTEN, COVINGTON, WAGGONER, or DENNY while employed by the City of Indianapolis and the Town of Cumberland, and acting under the color of state law wrongfully positioned Terrell Day on the ground while handcuffed causing him to be unable to breath, and then denied Terrell Day medical treatment while in custody, despite knowledge that Terrell Day was unable to breath.

21.  WOOTEN, COVINGTON, WAGGONER, and DENNY negligently and/or intentionally deprived Terrell Day of sufficient oxygen which resulted in cardiac failure.

22.  That SERGEANT FRANKLIN WOOTEN, as an Officer with the City of Indianapolis, forged Terrell Day's signature waiving all right to medical treatment despite his inability to breathe or stand at the time.

23.  The actions of the City of Indianapolis and Town of Cumberland, through its officers/employees, in failing to provide adequate medical treatment and

care for Terrell Day while in custody were reckless and negligent, and beyond all bounds of reasonable care.

24. WOOTEN, COVINGTON, WAGGONER, and DENNY failed to exercise the utmost reasonable due care and safety for Terrell Day after he was in police custody as required by Indiana law.

25. That due to the action of the Defendants Terrell Day died an untimely death.

26. That said negligence deprived the Terrell Day of his rights secured by the laws of Indiana and its constitution.

## COUNT III - LOSS OF CHILD'S SERVICES

Plaintiff incorporates by reference rhetorical paragraphs one (1) through twenty-six (26) above as if fully set forth herein and makes further allegations and statements as follows:

27.     Plaintiffs SHANIKA DAY and HARVEY MORGAN are the natural biological parents of Terrell Day, deceased.

28. Plaintiffs SHANIKA DAY and HARVEY MORGAN each separately, and respectfully, had a warm and loving relationship with their son, Terrell Day prior to his untimely death.

29. That due to the death of their son, Terrell Day, Plaintiffs SHANIKA DAY and HARVEY MORGAN have been deprived of Terrell Day's love, companionship kindness.

30. Likewise, Plaintiffs suffer from the loss of Terrell Day's services and other monetary contributions.

31. That due to the actions of the City of Indianapolis and Town of Cumberland, through its employees/officers Plaintiffs have been severely damaged.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial in this matter for all issues triable by jury.

WHEREFORE, Plaintiff, by Counsel, respectfully requests that this Honorable Court assume jurisdiction over this cause; declare the aforementioned conduct unlawful; award actual damages to Plaintiff to compensate her for her injuries; award damages to deter Defendants, and all other similarly situated, from like conduct in the future; grant Plaintiff the costs of this action and reasonable attorney fees; trial by jury; award pre-judgment and statutory interest; and for all other relief just and proper within the premises.

Respectfully Submitted,

_____
Nathaniel Lee, #10159-49
Jennifer Lee, #34475-49

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing pleading has been forwarded to the following counsel of record via the Court's Electronic Filing System, on this the 20th day of November, 2017:

Adam S. Willfond, Esq.
CORPORATION COUNSEL-CITY LEGAL
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
**adam.willfond@indy.gov**

David A.Izzo, Esq.
Selective Staff Counsel of Indiana
1 171 1 N. Meridian Street, Suite 755
Carmel, Indiana 46032
**David.izzo@selective.com**

_____
Nathaniel Lee

Nathaniel Lee, Esq.
Jennifer Lee, Esq.
LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, Indiana 46204
(317) 631-5151 Telephone   / (317) 624-4561 Facsimile
**nlee@nleelaw.com** / **Jlee@nleelawa.com**

STATE OF INDIANA            )     IN THE MARION SUPERIOR COURT
                                  ) SS:  CIVIL DIVISION, ROOM NO:10
COUNTY OF MARION           )

SHANIKA DAY, Individually, and as Administrator    )
for the Estate of TERRELL DAY, and    )
HARVEY MORGAN, Individually    )
    )
      Plaintiffs,    ) NO. 49D10-1709-CT-036087
    )
    )
    vs.    )
THE CITY OF INDIANAPOLIS,    )
SERGEANT FRANKLIN WOOTEN, Individually,    )
and as an IMPD OFFICER; OFFICER RANDALL    )
DENNY, Individually, and as an IMPD OFFICER;    )
THE TOWN OF CUMBERLAND;    )
LIEUTENANT ROGER WAGGONER, Individually,    )
And as a CUMBERLAND OFFICER; and OFFICER    )
JOHN COVINGTON, Individually and as a    )
CUMBERLAND OFFICER    )
    )
    )
    )
    )
    Defendant(s)    )

**F I L E D**

November 29, 2017

*Myla A. Eldridge*
CLERK OF THE COURT
MARION COUNTY
BW

## <u>ORDER ON</u>
## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

       Come now the Plaintiffs, by Counsel, having filed their Motion for Leave to File Amended

Complaint, which Motion requests this Court allow Plaintiffs to amend the Complaint for Damages

previously filed herein to reflect a corrected caption in this matter;

       AND THE COURT, having examined said Motion and being duly advised in the premises,

finds that the same is well taken and grants the same accordingly;

       IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Amended

Complaint for Damages (attached hereto as Exhibit 1) is hereby accepted for filing with this Court;

EXHIBIT C

IT IS FURTHER ORDERED THAT that the Amended Complaint for Damages as presented is hereby filed.

**November 29, 2017**

ALL SO ORDERED THIS THE_____DAY OF_____, 201

_____

Judge, Marion Superior Court 10

Distribution:

Nathaniel Lee, Esq.
Jennifer Lee, Esq.
LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, Indiana 46204
(317) 631-5151 Telephone   / (317) 624-4561 Facsimile
**nlee@nleelaw.com / Jlee@nleelawa.com**


Adam S. Willfond, Esq.
CORPORATION COUNSEL-CITY LEGAL
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
**adam.willfond@indy.gov**


David A. Izzo, Esq.
Selective Staff Counsel of Indiana
1 171 1 N. Meridian Street, Suite 755
Carmel, Indiana 46032
**David.izzo@selective.com**