UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHANIKA DAY, Individually, and as )
Administrator for the Estate of TERRELL DAY; )
and HARVEY MORGAN, )
)
Plaintiffs, )
)
v. ) Case No. 1:17-cv-04612-TWP-TAB
)
THE CITY OF INDIANAPOLIS; )
SERGEANT FRANKLIN WOOTEN, )
Individually, and as an IMPD Officer; and )
OFFICER RANDALL DENNY, Individually, )
and as an IMPD Officer, )
)
Defendants. )

## DEFENDANT CITY OF INDIANAPOLIS' ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION

The Defendant, City of Indianapolis, by counsel, and pursuant to Federal Rule of Civil Procedure 36, responds to the plaintiffs' Request for Admissions as follows.

### ADMISSIONS

You are requested to admit or deny that the following statements are true:

**ADMISSION NO. 1:** On September 26, 2015, the Indianapolis Metropolitan Police Department general orders required that prisoners that cannot stand unassisted must be transported to the Marion County Sheriff's Office Detention Ward at Eskenazi Hospital by ambulance or by the transporting officer.

**ANSWER:** Admit.

**ADMISSION NO. 2:** On September 26, 2015, the Indianapolis Metropolitan

Police Department general orders required that prisoners that complain of physical injury or illness with observable symptoms must be transported to the Marion County Sheriff's Office Detention Ward at Eskenazi Hospital by ambulance or by the transporting officer.

**ANSWER:** Admit.

**ADMISSION NO. 3:** All law enforcement officers for the Indianapolis Metropolitan Police Department are required to follow the Indianapolis Metropolitan Police Department's General Orders.

**ANSWER:** Admit.

**ADMISSION NO. 4:** The Indianapolis Metropolitan Police Department's general orders remain valid until rescinded.

**ANSWER:** Admit.

**ADMISSION NO. 5:** The Indianapolis Metropolitan Police Department's chief of police has the ultimate responsibility for issuing, modifying, approving or canceling a written directive and for the complete discharge of all duties as set forth by applicable law.

**ANSWER:** **Deny. It is the chief of police *or designee* who has the ultimate responsibility for issuing, modifying, approving or cancelling a written directive (*except Rules and Regulations*) and for the complete discharge of all duties as set forth by applicable law. See GO 2.2(I)(A)**

**ADMISSION NO. 6:** An Indianapolis Metropolitan Police Department directive is any oral or written communication used to guide or affect the performance or conduct of its officers.

**ANSWER:** **Deny. An IMPD directive is any communication, whether written**

2

or oral, used to guide or affect the performance or conduct of *department personnel*, not just IMPD officers.

ADMISSION NO. 7: All Indianapolis Metropolitan Police Department directives are authorized by the chief of police or designee and are contained in the IMPD Rules and Regulations Manual and IMPD General Orders Manual.

ANSWER: Deny. Not all IMPD directives are contained in the IMPD Rules and Regulations Manual and IMPD General Orders' Manual.

ADMISSION NO. 8: All Indianapolis Metropolitan Police Department directives are presumed known and understood by all department personnel on the first working day after issuance.

ANSWER: Admit.

ADMISSION NO. 9: All Indianapolis Metropolitan Police Department officers are required to review all general orders, department policies, procedures, directives, memoranda and rules and regulations as listed on the IMPD Supplemental Information to Employee's Evaluation Report form during the midyear and end.

ANSWER: Admit.

ADMISSION NO. 10: The IMPD Supplemental Information to Employee's Evaluation Report form is signed by each Indianapolis Metropolitan Police Department officer, attested to by his/her supervisor after completion, and placed in his/her personnel file.

ANSWER: Admit.

ADMISSION NO. 11: On September 26, 2015, it was a common practice, policy, or custom that Indianapolis Metropolitan Police Department officers sign a prisoner's

3

refusal of transportation / refusal of treatment.

    **ANSWER:** Deny. A law enforcement officer has no authority or right to interfere with an individual's course and scope of medical treatment while in custody. It was a common practice, policy, or custom for IMPD officers to sign a signature of release ("SOR") in a witness capacity after an individual has been evaluated by emergency medical services ("EMS"), and they determine the individual does not need to be transported to the hospital for further medical treatment, and the individual does not indicate to EMS any desire to go to the hospital. The purpose of the SOR is to effectuate a transfer custody of the individual from EMS back to IMPD. Once the individual has been transferred back into IMPD custody, further booking and processing of the individual following his/her arrest can occur.

**ADMISSION NO. 12:** Exhibit A is a general order of the Indianapolis Metropolitan Police Department that was in effect on September 26, 2015.

    **ANSWER:** Admit.

**ADMISSION NO. 13:** On September 26, 2015, Sergeant Franklin Wooten signed Terrell Day's refusal of transportation / refusal of treatment.

    **ANSWER:** Deny. The City further objects to the plaintiffs' characterization of Sgt. Wooten's lawful actions in this case. Sgt. Wooten signed no document which impaired or waived Day's right to be transported to a hospital or to receive additional medical treatment. The evidence has consistently shown that Sgt. Wooten simply signed a SOR as a witness after Day was evaluated by EMS and EMS determined that he did not need to be transported to the hospital for further medical treatment. To complete the SOR, he utilized an electronic laptop/notebook/Toughbook with a blank screen that only had a signature line and did not have any of the language on page 5 of Exhibit 1 on it.

**ADMISSION NO. 14:** On September 26, 2015, Terrell Day was not transported to the hospital for treatment after Sergeant Franklin Wooten signed Terrell Day's refusal of transportation / refusal of treatment.

**ANSWER:** Deny. The City further objects to the plaintiffs' characterization of Sgt. Wooten's lawful actions in this case. Sgt. Wooten played no role in the course and scope of Day's medical treatment by EMS — other than calling EMS on two different occasions.

Respectfully submitted, and as to Objections,

OFFICE OF CORPORATION COUNSEL

/s/ Adam S. Willfond
Adam S. Willfond (31565-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
317.327.4055 (T)
317.327.3698 (F)
adam.willfond@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify the foregoing DEFENDANT CITY OF INDIANAPOLIS' ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION was served on the following via U.S. Mail on this 31st day of October, 2018:

Nathaniel Lee
Faith Alvarez
LEE COSSELL CROWLEY LLP
nlee@nleelaw.com
falvarez@nleelaw.com

/s/ Adam S. Willfond
Adam S. Willfond
Assistant Corporation Counsel

## VERIFICATION

I hereby swear and/or affirm subject to the penalties for perjury that the foregoing responses are true and accurate to the best of my knowledge and belief.

CITY OF INDIANAPOLIS

Date: 10.29.18

Sara Tuttle   Sgt./Policy and Performance

By: _Sara Tuttle_