UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANIKA DAY, Individually, and as Administrator for the Estate of TERRELL DAY; and HARVEY MORGAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-04612-TWP-TAB |
| THE CITY OF INDIANAPOLIS; SERGEANT FRANKLIN WOOTEN, Individually, and as an IMPD Officer; and OFFICER RANDALL DENNY, Individually, and as an IMPD Officer, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT FRANKLIN WOOTEN'S ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

The Defendant, Sergeant Franklin Wooten, by counsel, and pursuant to Federal Rule of Civil Procedure 36, responds to the plaintiffs' Request for Admissions as follows.

ADMISSIONS

You are requested to admit or deny that the following statements are true:

**ADMISSION NO. 1:** On September 26, 2015, I observed that Terrell Day was unable to stand unassisted, on at least one occasion.

**ANSWER:** Deny.

**ADMISSION NO. 2:** On September 26, 2015, I called an ambulance to the scene where Terrell Day was located on two occasions.

**ANSWER:** Admit.

EXHIBIT

27

exhibitsticker.com

**ADMISSION NO. 3:** I am required to follow the Indianapolis Metropolitan Police Department's General Orders while acting within the scope of my employment as a law enforcement officer.

**ANSWER:** Admit.

**ADMISSION NO. 4:** I have reviewed the Indianapolis Metropolitan Police Department's General Orders.

**ANSWER:** **Admit that, on occasion, I review the IMPD's General Orders as necessary and am generally familiar with their contents. Deny to the extent this RFA seeks to have any other matter admitted.**

**ADMISSION NO. 5:** On September 26, 2015, I believed it was a common practice, policy, or custom that Indianapolis Metropolitan Police Department officers may sign a prisoner's refusal of transportation / refusal of treatment.

**ANSWER:** **Deny. See City of Indianapolis' Answer to RFA No. 11.**

**ADMISSION NO. 6:** On September 26, 2015, I observed an ambulance arrive to the scene where Terrell Day was located on two occasions.

**ANSWER:** Admit.

**ADMISSION NO. 7:** On September 26, 2015, I heard Terrell Day complain that he could not breathe on more than one occasion.

**ANSWER:** Admit.

**ADMISSION NO. 8:** On September 26, 2015, I signed Terrell Day's Treatment / Transport Refusal.

**ANSWER:** **Deny. See City of Indianapolis' Answer to RFA No. 13.**

**ADMISSION NO. 9:** Page five of Exhibit A shows my signature on Terrell Day's

**ANSWER:** Sgt. Wooten, by counsel, admits that page 5 of Exhibit A shows my signature. However, when I signed the SOR, I was provided an electronic laptop/notebook/Toughbook with a blank screen that only had a signature line and did not have any of the language on page 5 of Exhibit A on it. I deny that I signed any document which impaired or waived Day's right to be transported to a hospital or to receive additional medical treatment. Further. see City of Indianapolis' Answer to RFA No. 13.

**ADMISSION NO. 10:** On September 26, 2015, I assisted Terrell Day to stand for a medical evaluation.

**ANSWER:** Deny. Sgt. Wooten, by counsel, objects to this RFA to the extent it seeks to imply that Mr. Day was unable to stand unassisted for any period of time. Mr. Day did not need assistance in standing. I helped him to get off the ground because it is difficult for any individual to get up/stand up from the ground while they are in handcuffs.

**ADMISSION NO. 11:** On September 26, 2015, I observed Terrell Day could not stand unassisted.

**ANSWER:** Objection. This RFA has already been asked and answered. See Answer to Admission No. 1, *supra*.

**ADMISSION NO. 12:** On September 26, 2015, I moved Terrell Day from his stomach to his side.

**ANSWER:** Admit.

**ADMISSION NO. 13:** On September 26, 2015, I did not move Terrell Day from his back to his side.

**ANSWER:** Admit.

**ADMISSION NO. 14:** On September 26, 2015, I observed that Terrell Day was not transported to the hospital for treatment after I signed Terrell Day's refusal of

transportation / refusal of treatment.

> **ANSWER:** Deny. Sgt. Wooten, by counsel, objects to this RFA to the extent it implies that I impaired or waived Day's right to be transported to a hospital or to receive additional medical treatment. I signed a SOR after EMS evaluated him and determined that he was not experiencing a medical emergency and was able to be transported for further post-arrest booking and processing. Further, I cannot observe something that did not happen.

**ADMISSION NO. 15:** On September 26, 2015, I did not observe Terrell Day being transported to the Marion County Sheriff's Office Detention Ward at Eskenazi Hospital by ambulance.

> **ANSWER:** Deny. I cannot observe something that did not happen. I understood Mr. Day was evaluated by EMS and they determined that he did not need to be transported to the hospital for further medical treatment.

**ADMISSION NO. 16:** On September 26, 2015, I did not observe Terrell Day being transported to the Marion County Sheriff's Office Detention Ward at Eskenazi Hospital by the transporting officer.

> **ANSWER:** Deny. Sgt. Wooten, by counsel, objects to the extent this RFA is vague and ambiguous. Further, see Answer to RFA No. 15, *supra*.

**ADMISSION NO. 17:** On September 26, 2015, I did not remove the handcuffs from Terrell Day.

> **ANSWER:** Admit.

**ADMISSION NO. 18:** On September 26, 2015, I learned that Terrell Day passed away.

> **ANSWER:** Admit.

**ADMISSION NO. 19:** In March 2015, I was suspended for two days without pay

for failing to obey all written and oral orders, rules, regulations, policy, and standard operating procedures of the department, and for criticizing the department and/or its officers in a way that was considered defamatory, obscene, or unlawful, or tends to impair the efficient operation of the department

> **ANSWER:** Sgt. Wooten, by counsel, objects to this RFA to the extent it seeks to have him admit a matter which has no relevance to the plaintiffs' claims against him in this lawsuit. Sgt. Wooten was not the arresting officer and was on scene on September 26, 2015 as a backup to Ofc. Denny and in a supervisory capacity. Sgt. Wooten used no force on Day. He further objects on Rule 403 grounds.

**ADMISSION NO. 20:** Since I began my employment for the Indianapolis Metropolitan Police Department, I have been the subject of one or more citizen complaints involving unnecessary force.

> **ANSWER:** Sgt. Wooten, by counsel, objects to this RFA to the extent it seeks to have him admit a matter which has no relevance to the plaintiffs' claims against him in this lawsuit. Sgt. Wooten was not the arresting officer and was on scene on September 26, 2015 as a backup to Ofc. Denny and in a supervisory capacity. Sgt. Wooten used no force on Day. He further objects on Rule 403 grounds.

**ADMISSION NO. 21:** Since I began my employment for the Indianapolis Metropolitan Police Department, I have been the subject of one or more citizen complaints involving race and bias based profiling.

> **ANSWER:** Sgt. Wooten, by counsel, objects to this RFA to the extent it seeks to have him admit a matter which has no relevance to the plaintiffs' claims against him in this lawsuit. See FRCP 36(a)(1). Further, Sgt. Wooten was not the arresting officer and was on scene on September 26, 2015 as a backup to Ofc. Denny and in a supervisory capacity. He further objects on Rule 403 grounds.

**ADMISSION NO. 22:** Since I began my employment for the Indianapolis Metropolitan Police Department, I have been the subject of one or more citizen

complaints involving a juvenile.

ANSWER: Sgt. Wooten, by counsel, objects to this RFA to the extent it seeks to have him admit a matter which has no relevance to the plaintiffs' claims against him in this lawsuit. See FRCP 36(a)(1). Further, Sgt. Wooten was not the arresting officer and was on scene on September 26, 2015 as a backup to Ofc. Denny and in a supervisory capacity. Sgt. Wooten used no force on Day. He further objects on Rule 403 grounds.

Respectfully submitted, and as to Objections,

OFFICE OF CORPORATION COUNSEL

/s/ Adam S. Willfond

Adam S. Willfond (31565-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
317.327.4055 (T)
317.327.3698 (F)
adam.willfond@indy.gov

## VERIFICATION

I hereby swear and/or affirm subject to the penalties for perjury that the foregoing

responses are true and accurate to the best of my knowledge and belief.

Date: 10/13/18

Sergeant Franklin Wooten

## CERTIFICATE OF SERVICE

I hereby certify the foregoing DEFENDANT FRANKLIN WOOTEN'S ANSWERS TO

PLAINTIFFS' REQUESTS FOR ADMISSION was served on the following via U.S. Mail on

this 31st day of October, 2018:

Nathaniel Lee
Faith Alvarez
LEE COSSELL CROWLEY LLP
nlee@nleelaw.com
falvarez@nleelaw.com


/s/ Adam S. Willfond
Adam S. Willfond
Assistant Corporation Counsel