UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANIKA DAY, Individually, and as Administrator for the Estate of TERRELL DAY; and HARVEY MORGAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-04612-TWP-TAB |
| THE CITY OF INDIANAPOLIS; SERGEANT FRANKLIN WOOTEN, Individually, and as an IMPD Officer; and OFFICER RANDALL DENNY, Individually, and as an IMPD Officer, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT RANDALL DENNY'S ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION

The Defendant, Officer Randall Denny, by counsel, and pursuant to Federal Rule of Civil Procedure 36, responds to the plaintiffs' Request for Admissions as follows.

### ADMISSIONS

You are requested to admit or deny that the following statements are true:

**ADMISSION NO. 1:** On September 26, 2015, I placed Terrell Day under arrest.

**ANSWER:** **Admit.**

**ADMISSION NO. 2:** On September 26, 2015, I placed a single pair of handcuffs on Terrell Day.

**ANSWER:** **Deny. Initially, I placed a set of handcuffs on Mr. Day shortly after arriving on scene. I then placed a second set on him prior to the arrival of the second ambulance.**

EXHIBIT

24

exhibitsticker.com

**ADMISSION NO. 3:** On September 26, 2015, I did not remove the handcuffs from Terrell Day.

**ANSWER:**  Admit.

**ADMISSION NO. 4:**  On September 26, 2015, I observed that Terrell Day was unable to stand unassisted, on at least one occasion.

**ANSWER:**  Deny.

**ADMISSION NO. 5:**  On September 26, 2015, I observed that Terrell Day was having difficulty breathing, on at least one occasion.

**ANSWER:**  Deny.

**ADMISSION NO. 6:** I am required to follow the Indianapolis Metropolitan Police Department's General Orders while acting within the scope of my employment as a law enforcement officer.

**ANSWER:**  Admit.

**ADMISSION NO. 7:**  I have reviewed the Indianapolis Metropolitan Police Department's General Orders.

**ANSWER:**  **Admit that, on occasion, I review the IMPD's General Orders as necessary and am generally familiar with their contents. Deny to the extent this RFA seeks to have any other matter admitted.**

**ADMISSION NO. 8:** On September 26, 2015, I believed it was a common practice, policy, or custom that Indianapolis Metropolitan Police Department officers may sign a prisoner's refusal of transportation / refusal of treatment.

**ANSWER:**  **Deny. See City of Indianapolis' Answer to RFA No. 11.**

**ADMISSION NO. 9:** On September 26, 2015, I observed at least one ambulance arrive to the scene where Terrell Day was located.

> **ANSWER:** Admit.

**ADMISSION NO. 10:** On September 26, 2015, I heard Terrell Day complain that he could not breathe on at least one occasion.

> **ANSWER:** **Deny. I heard Mr. Day complain that he was having difficulty breathing, not that he could not breathe.**

**ADMISSION NO. 11:** On September 26, 2015, I assisted Terrell Day to stand on at least one occasion.

> **ANSWER:** Deny.

**ADMISSION NO. 12:** On September 26, 2015, I assisted Terrell Day to walk on at least one occasion.

> **ANSWER:** Deny.

**ADMISSION NO. 13:** On September 26, 2015, I observed Terrell Day had defecated in his pants both visually and through smell.

> **ANSWER:** Admit.

**ADMISSION NO. 14:** On September 26, 2015, I positioned Terrell Day on his side on at least one occasion.

> **ANSWER:** Admit.

**ADMISSION NO. 15:** On September 26, 2015, I positioned Terrell Day on his back on at least one occasion.

> **ANSWER:** Deny.

**ADMISSION NO. 16:** On September 26, 2015, I observed Terrell Day could not stand unassisted on at least one occasion.

**ANSWER:** Deny.

**ADMISSION NO. 17:** On September 26, 2015, I did not move Terrell Day from his back to his side.

**ANSWER:** Admit.

**ADMISSION NO. 18:** On September 26, 2015, I observed that Terrell Day was not transported to the Marion County Sheriff's Office Detention Ward at Eskenazi Hospital by ambulance.

> **ANSWER:** Deny. I cannot observe something that did not happen. I understood Mr. Day was evaluated by EMS and they determined that he did not need to be transported to the hospital for further medical treatment.

**ADMISSION NO. 19:** On September 26, 2015, I observed that Terrell Day was not transported to the Marion County Sheriff's Office Detention Ward at Eskenazi Hospital by the transporting officer.

> **ANSWER:** Deny. Ofc. Denny, by counsel, objects to the extent this RFA is vague and ambiguous. Further, see Answer to RFA No. 18, *supra*.

**ADMISSION NO. 20:** On September 26, 2015, I learned that Terrell Day passed away.

**ANSWER:** Admit.

**ADMISSION NO. 21:** Since I began my employment for the Indianapolis Metropolitan Police Department, I have been the subject of one or more citizen complaints involving unnecessary force.

**ANSWER:** Ofc. Denny, by counsel, objects to this RFA to the extent it seeks to have him admit a matter which has no relevance to the plaintiffs' claims against him in this lawsuit. See FRCP 36(a)(1). He further objects on Rule 403 grounds.

**ADMISSION NO. 22:** In 2016, I was the subject of a citizen complaint involving unnecessary force by handcuffing.

**ANSWER:** Ofc. Denny, by counsel, objects to this RFA to the extent it seeks to have him admit a matter which has no relevance to the plaintiffs' claims against him in this lawsuit. See FRCP 36(a)(1). He further objects on Rule 403 grounds.

Respectfully submitted, and as to Objections,

OFFICE OF CORPORATION COUNSEL

*/s/ Adam S. Willfond*

Adam S. Willfond (31565-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
317.327.4055 (T)
317.327.3698 (F)
adam.willfond@indy.gov

## VERIFICATION

I hereby swear and/or affirm subject to the penalties for perjury that the foregoing

responses are true and accurate to the best of my knowledge and belief.

Date: 10-9-2018

_____
Officer Randall Denny

Scanned by CamScanner

## CERTIFICATE OF SERVICE

I hereby certify the foregoing DEFENDANT RANDALL DENNY'S ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION was served on the following via U.S. Mail on this 31st day of October, 2018:

Nathaniel Lee
Faith Alvarez
LEE COSSELL CROWLEY LLP
nlee@nleelaw.com
falvarez@nleelaw.com

/s/ Adam S. Willfond
Adam S. Willfond
Assistant Corporation Counsel