# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANIKA DAY, individually, and as the<br>Administrator for the Estate of TERRELL DAY,<br>and HARVEY MORGAN Individually, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 1:17-cv-04612-TWP-TAB |
| THE CITY OF INDIANAPOLIS,<br>FRANKLIN WOOTEN, Sergeant, Individually,<br>and as an IMPD Officer, and<br>RANDALL DENNY, Officer, Individually, and as<br>an IMPD Officer, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ENTRY FOLLOWING REMAND

This matter is before the Court on remand from the United States Court of Appeals for the Seventh Circuit instructing the Court to enter judgment in favor of Defendants Officer Randall Denny and Sergeant Franklin Wooten. (Filing No. 116.) After Terrell Day ("Mr. Day") died while in the custody of the Indianapolis Metropolitan Police Department, Shanika Day, his mother and the Administrator of his estate, and Harvey Morgan, Mr. Day's father, brought this suit alleging unreasonable seizure and excessive force in violation of the Fourth Amendment to the United States Constitution, negligence under Indiana law, and loss of child's services. (Filing No. 19.) Defendants moved for summary judgment, arguing that neither officer violated Mr. Day's constitutional rights, that the officers are entitled to qualified immunity, and that the Plaintiffs' state law claims fail as a matter of law. (Filing No. 53.) The Court granted the Motion for Summary judgment as to all claims and all defendants other than the constitutional claim against Officer Denny and Sergeant Wooten in their individual capacities. (Filing No. 93.) The officers

appealed that ruling to the Seventh Circuit, which found that the officers were entitled to qualified immunity and reversed the Court's judgment, remanding with instruction to enter judgment accordingly.  (Filing No. 116.)  Thereafter, a Petition for Rehearing En Banc was filed by Plaintiffs-Appellees on January 23, 2020, and all of the judges on the original panel voted to deny the Petition for Rehearing.  *Id*. at 22.  Accordingly, the mandate was issued on May 15, 2020.

In accordance with Local Rule 16-2, the Court gave each party fourteen days to file a position statement—making the deadline for those statements June 5, 2020.  Defendants filed a timely statement in which they submit that there are no other proceedings to be had in this case (at least at the district court level), except for lifting the stay [Dkt. 107], entering summary judgment for the Defendants on all claims, denying any pending motions as moot, entering final judgment to the Defendants under Federal Rule of Civil Procedure 58, and terminating this action.  (Filing No. 118 at 3.)

Plaintiffs did not file a position statement with the Court until June 8, 2020, the Monday after the deadline.  Their statement notes that their deadline to file a writ of *certiorari* to the United States Supreme Court in this matter is August 5, 2020.  They ask the Court not to finalize judgment in this case before that date.  (Filing No. 119.)  Considering Plaintiffs' request despite its tardiness, the Court will delay final judgment until August 5, 2020.  The Court reminds Plaintiffs that it is bound by law to enforce the Court of Appeals' mandate, which directs the Court to enter judgment in favor of the Defendants.  *See U.S. v. Pollard*, 56 F.3d 776, 777 (7th Cir. 1995) ("The mandate rule requires a lower court to adhere to the commands of a higher court on remand.").  If no writ is filed by the deadline, the appellate stay will be lifted and final judgment will be entered.  If a writ is filed, and the Plaintiffs want the case to remain stayed pending a resolution of their petition for writ of *certiorari*, they should move the Court of Appeals for a stay of the mandate, which the

appellate court will grant if the petition for *certiorari* presents a substantial question and there is good cause for a stay.  *Jepson v. Bank of New York Mellon*, 821 F.3d 805, 807 (7th Cir. 2016).

As noted above, the Court will delay entering final judgment until **August 5, 2020**.  All motions pending before the Court (Filing Nos. 54, 57, 58, 59 and 84) are hereby **vacated  and denied as moot**.

**SO ORDERED.**

Date:  6/10/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Faith Elizabeth Alvarez
LEE COSSEL & CROWLEY LLP
falvarez@nleelaw.com

Nathaniel Lee
LEE COSSEL & CROWLEY LLP
nlee@nleelaw.com

Martin Austin Brown
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,  LLP
mab@rucklaw.com

Darren Craig Chadd
TAYLOR, CHADD, MINNETTE, SCHNEIDER & CLUTTER, P.C.
dchadd@tcmsclaw.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,  LLP
ard@rucklaw.com

Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
anne.harrigan@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,  LLP
jfk@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT,  LLP
ejm@rucklaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov